IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CYNTHIA LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:05cv153 |
| | ) |
| CHILDREN'S SERVICES OF VIRGINIA, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

The matter came before the Court for a hearing on May 6, 2005 on motions to dismiss filed on behalf of defendants (i) Children's Services of Virginia, Inc. ("Children's Services") and (ii) Bassam Sabbagh.[1] At the hearing, defendants' motions to dismiss were granted in part and deferred in part. *See Lee v. Children's Services of Virginia, et al.*, Case No. 1:05cv153 (E.D. Va. May 6, 2005) (Order). They were granted with respect to Counts I, II, III, and V of the Complaint and, accordingly, those claims were dismissed as to all defendants, served and unserved.[2] They were deferred, however, with respect to Count IV, a 42 U.S.C. § 1983 claim for violation of plaintiff's rights under the Due Process Clause, pending further briefing by the

---

[1] This defendant is listed as "Sabbam T. Sabbagh" in the Complaint, but defendants' motions refers to this defendant as "Bassam Sabbagh."

[2] At the time of the May 6, 2005 hearing, defendants Fairfax County Department of Family Services ("Fairfax County") and Marilyn Hallowell had not yet been served. Since that date, Fairfax County has been served with the Complaint and has filed a motion to dismiss all claims against it. Yet, because four out of five of plaintiff's claims have already been dismissed against all defendants, served and unserved, Fairfax County's motion is moot with respect to these claims. Defendant Hallowell has not been served.

parties. The essential question presented is whether plaintiff can show that her legal status with respect to M.L.P.[3] is such as to give rise to a liberty or property interest sufficient to support a due process claim. The parties have briefed the question and it is now ripe for disposition. Further oral argument is unnecessary and would not aid the decisional process as the pertinent facts and governing legal principles have been adequately set forth in the record and at previous oral argument.

I.[4]

A recitation of facts relevant to Count IV of the Complaint is necessary. On May 24, 2002, custodial rights for M.L.P. were transferred from her mother to Fairfax County, which is responsible for the placement of minor children in foster care.[5] Fairfax County promptly placed M.L.P. with Children's Services of Virginia, Inc. ("Children's Services"), a therapeutic foster care agency. On May 29, 2002, Children's Services of Virginia, Inc. ("Children's Services")

---

[3] M.L.P. is the foster child involved in this matter. Only her initials are used to protect her identity.

[4] The facts recited here are derived chiefly from the Complaint and are viewed in a light most favorable to the plaintiff for purposes of the motion, as required on a Rule 12(b)(6) motion to dismiss. *See* Rule 12(b)(6), Fed. R. Civ. P.; *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, where noted, judicial notice is taken of certain facts reflected in the Fairfax County Juvenile and Domestic Relations District Court's November 18, 2003 order ("Fairfax CountyJuvenile Court order") filed in this matter as an attachment to Children's Services' response to plaintiff's supplemental brief. *See* Rule 201, Fed. R. Evid.; *see also Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995), *vac. on other grounds*, 517 U.S. 1206 (1996) (holding that on motion to dismiss matters of public record may be considered); *Briggs v. Newberry County Sch. Dist.*, 838 F. Supp. 232, 233-34 (D.S.C. 1992) (holding that record of prior administrative and state court hearings may be judicially noticed on motion to dismiss).

[5] Judicial notice of the date of transfer of custody status is taken from the November 18, 2003 Fairfax County Juvenile Court order.

appointed plaintiff to be M.L.P.'s foster parent, for which plaintiff received compensation in the amount of $1100 per month. Significantly, at all times relevant to this motion, it is undisputed that custody remained with Fairfax County.

Thereafter, plaintiff alleges that on November 18, 2003, she was designated, by court order, to be M.L.P.'s "permanent foster care placement," pursuant to Virginia Code § 63.2-908. Defendants dispute this claim and allege that plaintiff was never awarded this status. When a child is placed in a "permanent foster care placement," it is the expectation and agreement of the placing agency and the place of permanent foster care that the child will remain in that placement until she reaches the age of majority.[6] And similar to custodial parents, permanent foster care parents have the "authority to consent to surgery, entrance to the armed services, marriage, application for a motor vehicle and driver's license, application for admission into college and any other such activities that require parental consent." *See* Va. Code 63.2-908(C). Permanent foster care status confers a property interest sufficient to implicate the Due Process Clause.[7]

Although plaintiff claims that she was awarded permanent foster care status on November 11, 2003, the November 11, 2003, Fairfax County Juvenile Court order makes clear that plaintiff

---

[6]Virginia Code § 63.2-908(A) provides in pertinent part that

> Permanent foster care placement means the place in which a child has been placed ... with the expectation and agreement between the placing agency and the place of permanent foster care that the child shall remain in the placement until he reaches the age of majority unless modified by court order or unless removed pursuant to § 16.1-251 or § 63.2-1517. A permanent foster care placement may be a place of residence of any natural person or persons deemed appropriate to meet a child's needs on a long-term basis.

Va. Code § 63.2-908(A).

[7]*See infra* Section II.

was not awarded permanent foster care status on that date;[8] instead, the court approved an "interim" foster care plan "with the goal of permanent foster care." The court order approved this interim plan for a maximum of 6 months, noting that "marked progress is being made to achieve the permanent plan goal," and scheduled "a second permanency hearing to achieve the permanent goal" on April 29, 2004.[9]

Yet, before the second permanency hearing was held and before the goal of permanent foster care placement could be achieved, on December 16, 2003, plaintiff was placed on probation in her status as a foster care parent by Children's Services. The reasons given for the probation included plaintiff's (i) refusal to cooperate with a treatment plan recommendation for visitation, (ii) inappropriate phone calls to Fairfax County workers, and (iii) failing to keep information regarding foster care children confidential. Plaintiff responded with a series of letters and phone calls to Children's Services. Thereafter, on January 5, 2004, representatives from Children's Services appeared unannounced at plaintiff's home and removed M.L.P., placing her in a different foster home. This termination was accomplished without court order and in the

---

[8]Plaintiff represented, by counsel, at the May 6, 2005 hearing that she possessed a copy of a court order appointing her as the permanent foster care parent for M.L.P. on November 11, 2003. Defendants disputed this claim. Thus, plaintiff was directed to submit with her supplemental brief a copy of the November 18, 203 order that she alleged established her home as M.L.P.'s permanent foster care placement. *See Lee v. Children's Services of Virginia, et al.*, Case No. 1:05cv153 (E.D. Va. May 26, 2005) (Order). In her supplemental brief, plaintiff claimed that she had requested a copy of the court order but that her request had been denied. Instead, she submitted a copy of her "Petition for a Permanency Planning Hearing," dated October 20, 2003. In its response, Children's Services attached a copy of the November 11, 2003, Fairfax County Juvenile Court order, which has been placed under seal. *See Lee v. Children's Services of Virginia, et al.*, Case No. 1:05cv153 (E.D. Va. May 26, 2005) (Order).

[9]Judicial notice of these facts is taken from the November 18, 2003, Fairfax County Juvenile Court order.

absence of any allegations of abuse or neglect.[10]  The reasons given for termination included the following: (i) plaintiff's refusal to accept that a certain child had been placed by Children's Services in a different foster home, though in the same school district as M.L.P. and (ii) plaintiff's disclosure of confidential information about foster children.

## II.

Plaintiff argues that her due process rights were violated by the removal of M.L.P. from her home without notice or a hearing.  Yet, in order to invoke the protections of due process, a plaintiff must first show that she has either a "constitutionally protected 'liberty' interest or 'property' interest." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988) (citing *Board of Regents v. Roth*, 408 U.S. 564 (1972)).  Given the recent clarification that plaintiff was never awarded permanent foster care status pursuant to Virginia Code § 63.2-908(A), it is clear that plaintiff had neither a liberty interest nor a property interest in her status as a foster care parent.

Plaintiff's claim that she had a liberty interest in her foster care relationship with M.L.P. was already considered and rejected from the bench on May 6, 2005.  Worth repeating, however, is that in the Fourth Circuit it is settled that a foster parent does not have a liberty or privacy interest protected by the Due Process Clause in a continued relationship with a foster child.  *See Wildauer v. Frederick County*, 993 F.2d 369, 373 (4th Cir. 1993).  A liberty interest attaches only to a *custodial relationship*.  *See id.* ("Since [plaintiff] did not have custody of the four children, she did not have a constitutionally protected liberty interest.").  At the time that M.L.P. was

---

[10] Virginia Code § 63.2-908 provides that permanent foster care placements may not be terminated except by court order or upon a showing of abuse or neglect pursuant to Virginia Code §§ 16.1-251 or 63.2-1517.

removed from plaintiff's home, Fairfax County, not plaintiff, had legal custody over M.L.P. Thus, plaintiff had no custodial rights with respect to M.L.P. and hence no liberty interest protected by due process.

Nor did plaintiff have a property interest in continuing as a foster parent. To have a protected property interest, an individual "must be entitled to a benefit created and defined by a source independent of the Constitution, such as state law." *Huang v. Board of Governors*, 902 F.2d 1134, 1141 (4th Cir. 1990). In this case, plaintiff had no state-law created interest in continuing as a foster parent, neither generally nor specifically with respect to M.L.P. If plaintiff had been appointed to be the permanent foster parent for M.L.P., then she would have claimed a cognizable property interest protected by due process because she would have had "the expectation and agreement" that the child would remain with her until the age of majority, unless modified by court order or removed based on a finding of abuse or neglect. Va. Code § 63.2-908; *cf. See Royster v. Board of Trustees*, 774 F.2d 618, 620 (4th Cir. 1985) (in the public employment context, a property interest in continued employment may be established by "a contract which provides for continued employment, and which can be terminated only for good cause"); *Stone*, 855 F.2d at 173 (holding that state hospital employee clearly had property interest in continued employment when he could be discharged "only for cause"). In this instance, however, it is clear that plaintiff had no constitutionally-protected property interest because the record reflects that while the *goal* of the "interim plan" established on November 11, 2003 was permanent foster care placement, no such placement had been awarded at the time M.L.P. was removed from plaintiff's home. Thus, the foster care placement was terminable upon Children's

Services determination that removal was in the best interests of the child.[11]  It follows, therefore, that plaintiff had no property interest entitling her to due process prior to removal.[12]

Accordingly, for these reasons and for the reasons stated from the bench during the May 6, 2005 hearing,

It is **ORDERED** that the motions to dismiss filed by defendants Sabbagh and Children's Services are **GRANTED**, and accordingly, Count IV is **DISMISSED** against all defendants, served and unserved.

Given that all five claims of the Complaint have been dismissed against all defendants, this Order ends the matter.  Accordingly,

It is further **ORDERED** that defendant Fairfax County's motion to dismiss on various grounds is **DENIED** as moot[13] and the Complaint is **DISMISSED** against all defendants.

---

[11] *See* Va. Code § 63.2-902 ("Every local board and licensed child-placing agency shall, with respect to each child placed by it in a foster home ... enter into a written agreement with the head of such home ... , which agreement shall provide that the authorized representatives of the local board or agency shall have access at all times to such child and to the home ..., and that the head of the home ... will release custody of the child so placed to the authorized representatives of the local board or agency whenever, in the opinion of the local board or agency, or in the opinion of the Commissioner, it is in the best interests of the child.").

[12] Nothing in this Order should be read as a comment on or criticism of plaintiff's competence or care in her capacity as a non-custodial foster parent of M.L.P.  It is well known that society in general, and children in need of protection in particular, benefit substantially from the care and services they receive from conscientious and altruistic citizens who, like plaintiff, seek to help children in need of foster care services.

[13] Because all of plaintiff's claims have been dismissed against all defendants, Fairfax County's motion to dismiss is moot.  *See supra* note 2.  It is worth noting, however, that Count IV also fails to state a claim against Fairfax County because the Complaint fails to identify an official policy or custom that was the proximate cause of the alleged violation of plaintiff's rights.  *See Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994) ("Section 1983 plaintiffs seeking to impose liability on a municipality must ... adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that

The Clerk is directed to send a copy of this Order to all counsel of record and to place this matter among the ended causes.

Alexandria, Virginia
May 27, 2005

    /s/
T. S. Ellis, III
United States District Judge-

---

proximately caused the deprivation of their rights.").